[Cite as *James v. Mansfield Correctional Inst.*, 2010-Ohio-3787.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KENNETH JAMES

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-07571-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} Plaintiff, Kenneth James, a former inmate incarcerated at defendant, Mansfield Correctional Institution (ManCI), filed this action alleging that multiple items of his personal property were lost or stolen as a proximate cause of negligence on the part of ManCI staff in handling the property. On March 11, 2008, plaintiff was transferred from the ManCI general population to a security control unit. Incident to this transfer, plaintiff's personal property was inventoried, packed, and delivered into the custody of ManCI staff. Plaintiff was present during the packing of his property and he submitted a copy of his "Inmate Property Record" confirming the fact he was present during the pack-up. Plaintiff related he subsequently discovered multiple items of his personal property were missing and he presumed the items were lost or stolen while under defendant's control. Plaintiff asserted the following property items were lost or stolen while under defendant's control: seventeen CDs, nine cassette tapes, one set of JVC headphones, one Sony walkman, one Quran, one Fasaill Amaal, six Kufis, one pair of house shoes, one lamp, three cups, three bowls, one CD case, one pouch tobacco, six

soups, eight batteries, one long sleeve t-shirt, two nail clippers, and six emery boards. Plaintiff did not supply a value for his religious property listing the value of these items as "irreplaceable." Additionally, plaintiff did not list a value for his CD case. The cumulative listed value of property amounts to $491.74. In his complaint, plaintiff requested damages in the amount of $2,500.00 for property loss, and "additional monies for mental anguish, stress, and irreparable damages."[1] Payment of the filing fee was waived.

{¶ 2} The March 11, 2008 "Inmate Property Record" compiled when plaintiff was transferred to a segregation unit at ManCI lists the following items relevant to this claim: seventeen CDs, ten cassette tapes, one Sony walkman with ear buds, two religious books, six religious headgear, two pairs of house shoes, one lamp, three cups, three bowls, one CD case, eight batteries, one long sleeve t-shirt, six soups, two nail clippers, and six emery boards. It appears the only item plaintiff listed in his complaint that is not listed on the March 11, 2008 "Inmate Property Record" is one set of JVC headphones. Plaintiff also submitted in his complaint a copy of his "Inmate Property Record" compiled on October 30, 2008 when he was transferred to the Toledo Correctional Institution (ToCI). None of the alleged missing property is listed on this ToCI "Inmate Property Record."

{¶ 3} Defendant contended plaintiff has not produced sufficient evidence to establish his property was lost or stolen while under the control of ManCI staff after he was transferred to a segregation unit on March 11, 2008. Defendant's position is based on the findings of the ManCI Inspector Sharon Berry, who investigated plaintiff's claim. Berry determined plaintiff first complained about missing property on June 11, 2008 when he filed an "Informal Complaint Resolution" (ICR). In the ICR plaintiff claimed ManCI personnel left property in his cell when he was transferred to segregation on March 11, 2008. Plaintiff also claimed the property left in the cell was turned over to ManCI staff by his cellmate and the items were subsequently, "lost or stolen from R/D (vault) on or after 3/11/08." According to second IRC filed June 19, 2008, it is noted

---

[1] Initially, it should be noted that this court does not recognize entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss. *Galloway v. Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056. Consequently, the court shall address plaintiff's claim based on the standard measure of damages for property loss.

under the caption "Action Taken" the responding ManCI staff member could not find any additional property items owned by plaintiff that were stored in the institution vault. Berry advised that plaintiff's property was inventoried (record submitted) on June 30, 2008. Of the claimed lost or stolen property items, the following are listed on this June 30, 2008 inventory: one CD holder, t-shirt, three batteries, two religious headgear, one religious book, and one cassette tape. Berry noted plaintiff left some property at ManCI to be mailed to an outside address at the time he was transferred to ToCI. However, the property was not mailed due to the fact plaintiff did not have sufficient funds to pay for postage and the items were subsequently forwarded to ToCI after March 10, 2009. Defendant denied liability in this matter based on the contention plaintiff failed to prove the property claimed was lost or stolen while under the control of ManCI personnel.

{¶ 4} Plaintiff filed a response insisting all property claimed was lost or stolen while under the custody and care of ManCI staff. Plaintiff again explained that ManCI personnel, "who moved his property, outside his presence, left the property in his cell with his previous cellmate" on March 11, 2008. According to plaintiff, the property left behind was lost or stolen after being forwarded to the custody of ManCI staff. Plaintiff provided evidence confirming that none of the property that was forwarded from ManCI to Toledo in March 2009 contained any "property that is the subject of this action." Plaintiff related he, "is entitled to recover for the stated value of each item set forth in the Complaint, as well as to have this Court establish a reasonable value for the items that are irreplaceable as set forth in the Complaint and that it is not objectively unreasonable to award the full amount set forth in the initial Complaint."

{¶ 5} Plaintiff submitted a handwritten document from his former cellmate, Malone #523-321, regarding the March 11, 2008 property pack-up incident. Malone wrote he transported property owned by plaintiff contained in a plastic bag and placed the bag in a room at the direction of ManCI personnel.

## CONCLUSIONS OF LAW

{¶ 6} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products,*

*Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 7} 2)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 8} 3)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 9} 4)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 10} 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 11} 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 12} 7) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 13} 8) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court finds plaintiff's assertion and the assertions of plaintiff's witness credible in regard to the delivery of all claimed property into the custody of ManCI staff.

{¶ 14} 9) Negligence on the part of defendant has been shown in respect to the issue protecting plaintiff's property after he was transferred to segregation on March 11, 2008. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD. Plaintiff has offered sufficient proof to establish all property claimed with the exception of a pair of JVC headphones was lost or stolen while under the control of ManCI staff.

{¶ 15} 10)The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 16} 12)In a situation where a damage assessment for personal property destruction or loss based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶ 17} 13)As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 18} 14)Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 19} 15)Plaintiff has suffered damages in the amount of $300.00.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KENNETH JAMES

     Plaintiff

     v.

MANSFIELD CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2009-07571-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE</u>
<u>DETERMINATION</u>


     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $300.00.  Court costs are assessed against defendant.



               DANIEL R. BORCHERT
               Deputy Clerk


Entry cc:


Kenneth James, #341-232          Gregory C. Trout, Chief Counsel
P.O. Box 4501                Department of Rehabilitation
Lima, Ohio  45802           and Correction
                        770 West Broad Street
                        Columbus, Ohio  43222

RDK/laa
3/17
Filed 4/8/10
Sent to S.C. reporter 8/13/10