[Cite as *Davis v. S. Ohio Correctional Inst.*, 2010-Ohio-1953.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEROY DAVIS

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-07296-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) On June 30, 2008, plaintiff, LeRoy Davis, an inmate incarcerated at defendant, North Central Correctional Institution (NCCI), was transferred from the NCCI general population to a segregation unit. Plaintiff's personal property was inventoried, packed, and delivered into the custody of NCCI staff incident to this transfer. Plaintiff asserted that defendant's personnel failed to pack his television set when he was transferred and consequently, the television set is missing.

{¶ 2} 2) Plaintiff contended that his television set was lost or stolen as a proximate cause of negligence on the part of NCCI staff in failing to pack the item. Consequently, plaintiff filed this complaint seeking to recover $1,000.00 in damages for the loss of the television set and emotional distress that he has suffered as a result of this loss. Plaintiff related that he obtained the television set at sometime during 1996. Payment of the $25.00 was waived.

{¶ 3} 3) Defendant denied liability in this matter based on the contention that plaintiff failed to offer evidence to prove he possessed a television set at the time

that his property was packed on June 30, 2008. Defendant submitted a copy of plaintiff's property inventory compiled when he was transferred to segregation on June 30, 2008. The inventory does not list a television set. Defendant submitted a copy of a "Theft/Loss Report" dated August 19, 2008 when plaintiff first reported the loss of his television set. According to a notation on this "Theft/Loss Report," the property vault at NCCI was searched and plaintiff's television set could not be found there. Defendant maintained that there is no evidence to suggest plaintiff possessed a television set at the time he was transferred on June 30, 2008.

**{¶ 4}** 4) Plaintiff filed a response insisting that he owned a television set on June 30, 2008 and the television was either lost or stolen as a result of defendant's failure to pack the set when he was transferred. Plaintiff submitted a copy of a property inventory dated January 3, 2007 showing he possessed a television set on that date.

CONCLUSIONS OF LAW

**{¶ 5}** 1) This court does not recognize any entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss. *Galloway v. Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056.

**{¶ 6}** 2) The standard measure of damages for personal property is market value. *McDonald v. Ohio State University Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

**{¶ 7}** 3) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 8}** 4) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; and *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 9}** 5) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD,

held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 10} 6) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 11} 7) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 12} 8) Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 13} 9) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 14} 10) Plaintiff has failed to prove his television set was delivered into defendant's custody and control. Plaintiff's failure to prove delivery of the property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 15} 11) Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

{¶ 16} 12) Plaintiff has failed to prove, by a preponderance of the evidence, his television was lost or stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEROY DAVIS

     Plaintiff

     v.

NORTH CENTRAL CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2009-07296-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

LeRoy Davis, #155-726                Gregory C. Trout, Chief Counsel
P.O. Box 120                        Department of Rehabilitation
Lebanon, Ohio  45036            and Correction
                                  770 West Broad Street
                                  Columbus, Ohio  43222

RDK/laa

12/14
Filed 1/8/10
Sent to S.C. reporter 4/30/10