[Cite as *Cable v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-5823.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM CABLE

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2009-09710-AD

Clerk Miles C. Durfey

## MEMORANDUM DECISION

### FINDINGS OF FACT

{¶ 1} 1) Plaintiff, William Cable, an inmate incarcerated at defendant's Allen Correctional Institution (ACI), filed this action alleging that his television set, keyboard, CD player, calculator, contact lenses, radio, and photographs were either damaged beyond repair or stolen as a proximate cause of negligence on the part of ACI staff in failing to protect the property. Plaintiff related that, "[o]n August 29, 2009 inmate Charles Williams (#417-628) tossed my K.T.V. television, my Yamaha Keyboard, and my locker box over the top rail of my housing unit (2B)." Plaintiff asserted that ACI personnel then failed to secure the area and consequently, property that was stored in his locker box was stolen by unidentified inmates. Plaintiff claimed that his television set, keyboard, CD player and calculator were damaged beyond repair as a result of the act of Inmate Williams. Additionally, plaintiff claimed that his contact lenses, radio, and "priceless pictures" were stolen. Plaintiff requested additional damages of $1,039.95 for "emotional stress, depression, mental anguish, priceless pictures, (and copies)." The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

**{¶ 2}** 2)    Defendant denied all liability in this matter.  Defendant acknowledged that Inmate Charles Williams did in fact "throw the property complained of off the top range" of plaintiff's housing unit.  Defendant asserted that plaintiff failed to produce any evidence to establish that Williams' intentional act was foreseeable.  Defendant contended that actionable negligence cannot be shown when harm is caused by the intentional act of a third party that is not foreseeable.  Defendant denied that any ACI personnel failed to protect plaintiff's property.

CONCLUSIONS OF LAW

**{¶ 3}** 1)    Copying costs are not compensable in a claim of this type.  See *Carnail v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2007-06322-AD, 2008-1207; *Tyler v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2007-07299-AD, 2008-Ohio-3418.

**{¶ 4}** 2)    Also, it should be noted that this court does not recognize any entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss.  *Galloway v. Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056; *Johnson v. Ohio State Penitentiary*, Ct. of Cl. No. 2007-04605-AD, 2008-Ohio-1769; *Davis v. Southern Ohio Correctional Inst.*, Ct. of Cl. No. 2009-07296-AD, 2010-Ohio-1953.

**{¶ 5}** 3)    For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 6}** 4)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 7}** 5)    "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay*

*Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 8} 6)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 9} 7)   Defendant is not responsible for actions of other inmates unless an agency relationship is shown or it is shown that defendant was negligent.  *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615; *Jenkins v. Richland Correctional Inst.*, Ct. of Cl. No. 2003-01768, 2003-Ohio-4483.

{¶ 10} 8)   Ohio law imposes a duty of reasonable care upon the state to provide for its prisoner's health, care, and well-being.  *Clemets v. Heston* (1985), 20 Ohio App. 3d 132, 136, 20 OBR 166, 485 N.E. 2d 287.  Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances.  *Smith v. United Properties, Inc.* (1965), 2 Ohio St. 2d 310, 31 O.O. 2d 573, 209 N.E. 2d 142.

{¶ 11} 9)   Defendant is not liable for the intentional attack on one inmate by another unless it has adequate notice, either actual or constructive, of an impending attack.  *Mitchell v. Dept. of Rehab. & Corr.* (1995), 107 Ohio App. 3d 231, 235, 668 N.E. 2d 538.

{¶ 12} 10)  Plaintiff has failed to show any causal connection between the damage to his property items and any breach of a duty owed by defendant in regard to protecting inmate property.  *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Tomblin v. London Correctional Inst.*, Ct. of Cl. No. 2005-03431-AD, 2005-Ohio-4859; *Madden v. Lebanon Correctional Inst.,* Ct. of Cl. No. 2006-06116-AD, jud, 2007-Ohio-1928; *Tolbert v. Lebanon Correctional Inst.,* Ct. of Cl. No. 2007-06942-AD, 2008-Ohio-5152.

{¶ 13} 11)The allegation that a theft may have occurred is insufficient to show defendant's negligence.  *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425.  Plaintiff must show defendant breached a duty of ordinary or reasonable care.  *Williams*.

{¶ 14} 12) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 15} 13) Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 16} 14) Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was lost or stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM CABLE

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2009-09710-AD

Clerk Miles C. Durfey

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

William Cable, #569-457
2338 N. West Street
Lima, Ohio 45802

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

RDK/laa
6/23
Filed 8/9/10
Sent to S.C. reporter 11/23/10