BERKE, APPELLANT, *v.* OHIO DEPT. OF PUBLIC WELFARE
ET AL., APPELLEES.

(No. 76AP-199—Decided October 21, 1976.)

*Messrs. Schwartz, Fisher, Spater, McNamara & Marshall,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Gene W. Holliker,* for appellees.

REILLY, J.  This is an appeal from a judgment of the Court of Claims of Ohio which sustained appellees' motion to dismiss appellant's action because that court had no jurisdiction in the case.  This is assigned as error by appellant, as follows:

"The trial court erred in deciding that the Court of Claims does not have jurisdiction over plaintiff's civil rights claims."

The record shows that appellant filed this action in the Court of Claims November 28, 1975, against the Ohio Department of Public Welfare and Raymond McKenna, the present director of the department.  The nub of the case was that she alleged she was the victim of discrimination because she was female, Jewish, and of Polish origin. She sought to recover $50,000 in compensatory and punitive

damages from the Department of Public Welfare, and Raymond McKenna individually. The Attorney General of Ohio, on behalf of appellees, moved to dismiss the complaint on the ground that the Court of Claims lacked jurisdiction over the subject matter, and for the failure of appellant to state a claim upon which relief could be granted.

The central issue appears to be that appellant complained she was denied a promotion, to which she was entitled, in the classified service of the state. At any rate, the state has for many years included a procedure by which an employee may seek redress for such an action.

The Court of Claims has limited jurisdiction, as defined in R. C. Chapter 2743. We note, in particular, R. C. 2743.02(A):

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability."

Hence, where the state has previously consented to be sued, the Court of Claims is without jurisdiction. There are several areas in which the General Assembly has included procedures by which persons adversely affected by rules and regulations or decisions of administrative authority can seek redress. Such procedures, often considered part of the appellate process, still involve a right of action.

R. C. 124.03 reads, in pertinent part:

"The state personnel board of review shall exercise the following powers and perform the following duties of the department of administrative services:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification; the board may affirm, disaffirm, or modify the decisions of the appointing

authorities or the director of administrative services, as the case may be, and its decision is final * * *."

Thus, there is a right of appeal or what might be termed "a right to sue" within presently available law.

The state cannot be an insurer for employees as supervisors or others to the extent they shall act properly. Moreover, in this case, the state has not breached a duty. If such duty, as alleged by appellant, has been breached, it would be clearly ultra vires by a state employee. In any event, we reiterate, there are other available remedies where the state has consented to be sued, including actions in the Civil Rights Commission. It is emphasized, however, that this represents a consent to be sued by the state. The state is only responsible, under Ohio law, where acts are within its scope of authority.

Appellant is seeking a remedy in damages. The Court of Claims Act has waived sovereign immunity by the state in part, but it does not create new rights. There are other remedies available to appellant, provided by law, and the Court of Claims Act is not applicable.

By her complaint, appellant purports to bring this action solely pursuant to Section 2000e, Title 42, U. S. Code. In any event, such a federal civil rights action does not lie against a state administrative agency. The provisions of R. C. 2743.01, 2743.02 and 2743.03(A) plainly limit the jurisdiction of the Court of Claims to actions filed originally in that court against the state of Ohio only; since that court had no jurisdiction over the subject matter of the cause of action, it was properly dismissed as a party defendant. Any remaining party defendant is also manifestly not within the jurisdiction of that court.

Finally, it is noted that punitive damages are sought against the state of Ohio. The Supreme Court, in *Ranells* v. *Cleveland* (1975), 41 Ohio St. 2d 1, in the syllabus, has written as follows:

"In the absence of a statute specifically authorizing such recovery, punitive damages can not be assessed against a municipal corporation."

If a municipal corporation is not subject to punitive

274

damages because the reason for them does not exist, it logically follows that there is no rational reason for justifying the assessment of punitive damages against the state of Ohio.

Accordingly, appellant's assignment of error is not well taken and is overruled. The judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

HOLMES and WHITESIDE, JJ., concur.