[Cite as *Braxton v. Oakwood Corr. Facility*, 2009-Ohio-7184.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES BRAXTON

    Plaintiff

    v.

OAKWOOD CORR. FACILITY

    Defendant

    Case No. 2009-02740-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Charles Braxton, filed a complaint against defendant, Oakwood Correctional Facility, alleging that his television and radio were taken from him for no reason. Plaintiff seeks damages in the amount of $2,500.00. Plaintiff was allowed to proceed without the submission of a filing fee.

{¶ 2} On April 9, 2009, plaintiff submitted a letter which he wished to be included in his claim file. Plaintiff's letter is considered a motion to add additional evidence and is GRANTED. On April 15, 2009, plaintiff filed a notice of appeal and notice for leave to appeal. This motion concerns the plaintiff's prior criminal conviction and has no relevancy to the case at bar. Accordingly, such notice is MOOT and will not be considered by this court. On July 13, 2009, plaintiff filed a motion for appointment of counsel. Plaintiff cites legal precedent for appointment of counsel in criminal cases. However, plaintiff's case before the Court of Claims is not a criminal case so the precedent plaintiff cites is irrelevant. Nothing in the statute, local rules or rules of the Court of Claims allows for the appointment of counsel. Therefore, plaintiff's motion is DENIED.

{¶ 3} On June 6, 2009, defendant filed a motion for extension of time to file the investigation report. On June 26, 2009, defendant filed the investigation report. Therefore, defendant's motion of June 6, 2009 is MOOT.

{¶ 4} Defendant denied liability in this matter. Defendant admits that plaintiff is not in possession of his television set or radio, however, this decision was based upon the judgment of the treatment team at Oakwood Correctional Facility. A letter dated June 8, 2009, from Dean McCombs, Warden's Assistant 2, states in pertinent part:

{¶ 5} "As is standard OCF policy, Inmate Braxton completed a reception/orientation process that assigned him to the appropriate living unit that was based on his mental health treatment needs. To date based on treatment team recommendations, Inmate Braxton has not been permitted to have possession or use of either his television or radio. Inmate Braxton has been informed that his compliance with OCF rules and regulations, as well as treatment team recommendations, will result in an increase of his privileges and may include possession and use of his television and radio.

{¶ 6} "Both the radio and television were inventoried and are stored in the property vault."

{¶ 7} Defendant stated that plaintiff's television set and radio will be returned to him as soon as the treatment team has authorized plaintiff to possess these items.

{¶ 8} On July 13, 2009, plaintiff again requested appointment of counsel. This motion is DENIED for the same reasons as stated above. On August 31, 2009, plaintiff sent a request for civil litigation manual, affidavits, and writs of habeas corpus. Plaintiff's requests are DENIED.

{¶ 9} Initially, it should be noted that this court does not recognize entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss. *Galloway v. Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056.

{¶ 10} The Supreme Court of Ohio has held that "[t]he language in R.C. 2743.02 that 'the state' shall 'have its liability determined *** in accordance with the same rules of law applicable to suits between private parties ***' means the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function

involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment of discretion." *Reynolds v. State* (1984), 14 Ohio St. 3d 68, 70, 14 OBR 506, 471 N.E. 2d 776; see also *Von Hoene v. State* (1985), 20 Ohio App. 3d 363, 364, 20 OBR 467, 486 N.E. 2d 868. Prison administrators are provided "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish* (1979), 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447.

{¶ 11} Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence. *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent that plaintiff alleges that DRC somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES BRAXTON

Plaintiff

v.

OAKWOOD CORR. FACILITY

Defendant

Case No. 2009-02740-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Charles Braxton, #150-635
3200 N. West Street
Lima, Ohio  45801

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
12/3
Filed 12/16/09
Sent to S.C. reporter 4/7/10