[Cite as *Gillespie v. Marion Correctional Inst.*, 2011-Ohio-2741.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DERRICK GILLESPIE

　　Plaintiff

　　v.

MARION CORRECTIONAL INSTITUTION

　　Defendant

　　Case No. 2010-11234-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

**{¶ 1}** 1)　　Plaintiff, Derrick Gillespie, an individual formerly incarcerated at defendant, Marion Correctional Institution (MCI), filed this action contending his photographs, greeting cards, and printed copies of family members' obituaries were lost while under the control of MCI staff at sometime after June 22, 2010. In his complaint, plaintiff pointed out he "was willing to accept a $75.00 offer for my loss" and has now requested damage recovery in the amount of $200.00 for the property loss including claims for "pain, suffering, (inconvenience) and emotional distress" attendant to his property loss.[1] Payment of the filing fee was waived.

**{¶ 2}** 2)　　Defendant filed an investigation report admitting liability for plaintiff's loss, but disputing his damage claim. Defendant advised, "[p]laintiff is entitled only to a reasonable value of that property," lost while in the possession of MCI staff.

---

[1] Initially, it should be noted that this court does not recognize entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss. *Galloway v. Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056. Consequently, the court shall address

CONCLUSIONS OF LAW

**{¶ 3}** 1) Negligence on the part of defendant has been shown in respect to the issue protecting plaintiff's property after he was transferred. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

**{¶ 4}** 2) As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

**{¶ 5}** 3) Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

**{¶ 6}** 4) The standard measure of damages for personal property is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750. Plaintiff has suffered damages in the amount of $60.00.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DERRICK GILLESPIE

    Plaintiff

    v.

---

plaintiff's claim based on the standard measure of damages for property loss.

MARION CORRECTIONAL INSTITUTION

Defendant

Case No. 2010-11234-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth
in the memorandum decision filed concurrently herewith, judgment is rendered in favor
of plaintiff in the amount of $60.00.  Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Derrick Gillespie                      Gregory C. Trout, Chief Counsel
999 Moeller Avenue               Department of Rehabilitation
Akron, Ohio  44307                and Correction
                                             770 West Broad Street
                                             Columbus, Ohio  43222

RDK/laa
3/2
Filed 3/9/11
Sent to S.C. reporter 5/27/11