[Cite as *Bass v. Belmont Corr. Inst.*, 2011-Ohio-3852.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RODGER M. BASS

    Plaintiff

    v.

BELMONT CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-09655-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} Plaintiff, Rodger Bass, an inmate formerly incarcerated at defendant's Belmont Correctional Institution (BeCI), filed this action alleging several items of his personal property were lost or stolen as a proximate cause of negligence on the part of BeCI staff in handling his property from February 14, through February 22, 2010. Plaintiff recalled he was transferred to segregation at BeCI and that his personal property was packed and sent to storage incident to the transfer. Plaintiff further recalled that when he was released from segregation, he was then transferred to Southeastern Correctional Institution (SCI) where he regained possession of his property. Plaintiff asserted he discovered the following items were missing: one AM/FM radio and CD player, eight compact discs, two boxes Tide detergent, three Dial soaps, two packs of AA batteries, four Alka-Seltzer Plus, ten disposable razors, two Shick razors, one cocoa butter stick, one petroleum jelly, and one coffee creamer. In his

complaint, plaintiff requested damages in the amount of $500.00, for the stated replacement cost of his alleged missing property and for "stress and mental anguish over the loss of said items."[1]  Plaintiff submitted a copy of a property pack-up inventory dated February 14, 2010.[2]  The following items claimed as missing are listed on the February 14, 2010 inventory: a CD player, eight compact discs, sixteen razors and six bars of soap.  Payment of the filing fee was waived.

{¶ 2} Plaintiff submitted documentation showing he purchased three bars of Dial soap and one ten pack of disposable razors at the BeCI commissary on January 14, 2010.  Plaintiff also submitted an invoice for the purchase of an Access CD player at a cost of $50.00 bearing plaintiff's signature and dated April 29, 2008.  Plaintiff did not submit documentation to establish the price and dates he purchased the missing compact discs.

{¶ 3} Defendant denied any liability in this matter.  Defendant asserted plaintiff did not produce any evidence to establish any of his property items were lost or stolen while under the control of BeCI staff or incident to a transfer to SCI.  Defendant argued plaintiff waived his right to dispute the alleged missing items when he signed the inventory prepared at SCI.  Nonetheless, the report submitted by the inspector at BeCI states "Two of the commissary receipts provided by inmate Bass were from 12/11/2009 and 11/17/2009.  Both of these receipts were invalid as they were well outside the time

---

[1]Initially, it should be noted that this court does not recognize entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss.  *Galloway v. Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056.  Consequently, the court shall address plaintiff's claim based on the standard measure of damages for property loss.

limits * * * .  This left only the commissary receipt of 01/14/2010 that could be considered in this investigation.  * * *  I next checked the pack up slips provided by inmate Bass.  I found that there were indeed items listed on the BeCI pack up of 02/14/2010 that were not listed on the pack up slip completed at SCI on 02/22/2010."  Defendant submitted a copy of plaintiff's property inventory compiled on February 22, 2010, by SCI personnel.  This inventory does not list a CD player, compact discs, soap, or razors.  The inventory does bear plaintiff's signature certifying that the items listed represent "a complete and accurate inventory of all my personal property."

{¶ 4} Plaintiff filed a response insisting all of his personal property listed as missing in the complaint was delivered to defendant's personnel and was subsequently lost or stolen while in the custody and care of defendant.  In reference to the signature on the inventory sheet, plaintiff related that he signed part one of the release stating all of the property listed on the form belonged to him,  but he had refused to sign the second part of the form which includes the waiver language cited by defendant.

CONCLUSIONS OF LAW

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 6} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ."  *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 7} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 8} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable

---

[2]The court notes the copy submitted is nearly illegible.

attempts to protect, or recover" such property.

{¶ 9} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different issues, as to any issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 12} 8) Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068. Plaintiff failed to prove defendant actually exercised control over Tide detergent, AA batteries, Alka Seltzer Plus, Cocoa butter, petroleum jelly, or coffee creamer.

{¶ 13} Plaintiff's failure to prove delivery of the above listed property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 14} Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred to segregation on February 14, 2010. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD. Plaintiff has offered sufficient proof to establish defendant is liable for the loss of a CD player, eight compact discs, three bars of soap, and ten disposable razors.

{¶ 15} The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 16} In a situation where a damage assessment for personal property destruction based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶ 17} As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 18} Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 19} Evidence has shown plaintiff's CD player was nearly two years old when the incident forming the basis of this claim occurred. Based on the fact the CD player constituted depreciable property, the court finds plaintiff has suffered damages in the total amount of $69.13.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RODGER M. BASS

    Plaintiff

    v.

BELMONT CORRECTIONAL INSTITUTION

    Defendant

Case No. 2010-09655-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of plaintiff in the amount of $69.13.  Court costs are assessed against defendant.


                                    DANIEL R. BORCHERT
                                    Deputy Clerk

Entry cc:


Rodger M. Bass, #A496-912          Gregory C. Trout, Chief Counsel
5900 B.I.S. Road S.W.             Department of Rehabilitation
Lancaster, Ohio  43130            and Correction
                                  770 West Broad Street
                                  Columbus, Ohio  43222

SJM/laa
3/16
Filed 4/21/11
Sent to S.C. reporter 8/5/11