[Cite as *Kennedy v. Madison Corr. Inst.*, 2011-Ohio-4151.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PATRICK KENNEDY

    Plaintiff

    v.

MADISON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2011-01704-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1} Plaintiff, Patrick Kennedy, an inmate incarcerated at defendant, Madison Correctional Institution (MaCI), alleged that several items of his personal property were stolen from his cell housing unit on May 27, 2010, at a time when he was away from the unit. Plaintiff recalled that he and his cellmate left the cell at approximately 12:50 p.m. to report to the chow hall. Plaintiff related that before they left the area, both he and his cellmate made sure that the door to their cell was locked. Plaintiff asserted that he returned to his cell at approximately 1:15 p.m. and verified that his cell door was still locked. However, upon entering the cell, plaintiff noticed that at sometime during his absence, unidentified inmates had entered his cell and stolen several items of his personal property.

{¶2} Plaintiff related that the stolen property included the following: one Zenith converter box, one Kool fan, one pair of headphones, three Coaxals, one Draftline mechanical pencil, one Pentel mechanical pencil, one five-pack assorted highlighters, two rolls clear tape, one roll of masking tape, one sharpener, one 0.5mm lead

replacement tub, one 0.7mm lead replacement tub, assorted commissary items purchased May 26, 2010. Plaintiff implied that his property was stolen as a proximate result of negligence on the part of MaCI staff in failing to adequately protect the property from theft attempts. Plaintiff filed this complaint seeking to recover $1,160.64, for the stated replacement cost of his alleged stolen property and for emotional distress.[1] The filing fee was paid.

{¶3} Along with his complaint, plaintiff filed a Statement of Existence of Connected Actions Form referencing an earlier case he filed, Case No. 2010-10157-AD. Plaintiff also filed subpoena requests for defendant to produce documents and for inmate Duff, Captain Turner, and Corrections Officer Varner to appear. Administrative determination cases are decided administratively without a court hearing. Consequently, the subpoena request for Duff, Turner, and Varner to appear is DENIED. In addition, the file contains copies of reports and actions taken by defendant as a result of the reported cell theft/loss. Accordingly, plaintiff's subpoena request for defendant to produce documents is DENIED.

{¶4} Defendant denied any liability in this matter contending that plaintiff failed to offer any evidence to prove that his property was stolen as a proximate result of any negligent conduct on the part of defendant. Defendant denied ever exercising control over any of the alleged stolen property items. Defendant argued that no evidence has been offered to establish that plaintiff suffered property loss as a result of any act attributable to MaCI personnel. Defendant advised that MaCI staff searched for plaintiff's property but did not locate any of the alleged missing items.

{¶5} Plaintiff filed a response essentially reiterating the allegations made in the complaint.

---

[1]Initially, it should be noted that this court does not recognize entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss. *Galloway v. Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056. Consequently, the court shall address plaintiff's claim based on the standard measure of damages for property loss.

CONCLUSIONS OF LAW

{¶6}    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶7}    Although not strictly responsible  for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶8}    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶9}    Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶10} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003 Ohio 2573,¶ 8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶11}  "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003 Ohio 5333, ¶ 41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521;

{¶12}  The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1985), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶13}  Defendant is not responsible for thefts committed by inmates unless an agency relationship  is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility (*1978), 78-0217-AD.

{¶14}  The fact that defendant supplied plaintiff with  a locker box to secure

valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶15} Defendant is not required to take extraordinary measures to provide inmates means to secure their property. *Andrews v. Allen Correctional Inst.,* Ct. of Cl. No. 2008-09732-AD, 2009-Ohio-4268.

{¶16} Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possessions in the cell while they are absent from the cell. *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

{¶17} However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

{¶18} Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶19} Moreover, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. In the instant case, the majority of the claimed stolen property was indistinguishable. *Wallace v. Grafton Corr. Inst.*, Ct. of Cl. No. 2009-01743, 2009-Ohio-5741.

{¶20} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.

{¶21} Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-

04803-AD, 2008-Ohio-7088.

{¶22} In addition, prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent that plaintiff alleges that MaCI staff somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief. See *Sharp v. Dept of Rehab. & Corr.*, Ct. of Cl. No. 2008-02410-AD, 2008-Ohio-7064, ¶5. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

PATRICK KENNEDY

    Plaintiff

    v.

MADISON CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2011-01704-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

 

_____
MILES C. DURFEY
Clerk

Entry cc:

Patrick Kennedy, #393-577
1851 St. Rt. 56
P.O. Box 740
London, Ohio  43140-0740

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa
4/20
Filed 5/24/11

Sent to S.C. reporter 8/19/11