[Cite as *El-Amin v. Ohio State Penitentiary*, 2011-Ohio-5521.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ODRAYE EL-AMIN (AKA JONES),

Plaintiff,

v.

OHIO STATE PENITENTIARY,

Defendant.

Case No. 2011-03065-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

**{¶ 1}** On June 20, 2010, plaintiff, Odraye El-Amin (AKA Jones), an inmate incarcerated at defendant's Ohio State Penitentiary (OSP), was transferred from OSP to an outside medical facility for treatment.

**{¶ 2}** Plaintiff asserts he was required to surrender his clothes and Nike tennis shoes and to change into orange clothing and shoes for the transport. Plaintiff alleges that his Nike shoes could not be located upon his return to OSP.

**{¶ 3}** Plaintiff claims he learned from others at OSP that his shoes were thrown away. Plaintiff filed this complaint seeking to recover $64.48, for the stated replacement cost of his missing shoes, and "a penalty" between an additional $64.48 and $2400.00 for stress and anguish.[1] The filing fee was paid.

**{¶ 4}** Plaintiff submitted with his complaint a "personal A/C Withdrawal Check Out-Slip" which lists the purchase of "Misc. Nike" from Access Securepak

---

[1] Initially, it should be noted that this court does not recognize entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss. *Galloway v. Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056. Consequently, the court shall address plaintiff's claim based on the standard measure of damages for property loss.

for $64.48, on April 26, 2010.

{¶ 5}  In the investigation report defendant admits liability for the loss of the tennis shoes in the amount of $63.48 and specifically denies liability for any mental anguish and stress.  Defendant did not submit any documentation to verify plaintiff paid only $63.48 for the shoes.

{¶ 6}  Plaintiff filed a response insisting that he is entitled to all damages claimed.

CONCLUSIONS OF LAW

{¶ 7}  Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred.  *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

{¶ 8}  As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 9}  Damage assessment is a matter within the function of the trier of fact.  *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462.  Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 10} Plaintiff has suffered damages in the amount of $64.48, plus the $25.00 filing fee, which may be reimbursed as compensable damages pursuant to the holding in *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

ODRAYE EL-AMIN (AKA JONES),

    Plaintiff,

    v.

OHIO STATE PENITENTIARY,

    Defendant.

Case No. 2011-03065-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $89.48, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Odraye El-Amin (aka Jones), #358-112
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

6/8
Filed 7/19/11
Sent to S.C. reporter 10/27/11