[Cite as *Szymczyk v. Dept. of Rehab. & Corr.*, 2011-Ohio-6573.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATTHEW R. SZYMCZYK

Plaintiff

v.

DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant

Case No. 2011-04151-AD

Acting Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} Plaintiff, Matthew Szymczyk, an inmate formerly incarcerated at defendant, Mansfield Correctional Institution (ManCI), filed this complaint maintaining that ManCI personnel honored a forged $100.00 cash withdrawal slip and consequently withdrew that amount from his inmate account. Plaintiff related that "my old cell mate forged a cash slip in my name for $100.00." According to plaintiff, the forgery occurred ten days after plaintiff was sent to segregation for a rules violation. Plaintiff denied signing the forged instrument.

{¶ 2} Consequently, plaintiff filed this action contending that he suffered damages as a result of defendant's act in honoring a forged instrument. Plaintiff filed this complaint seeking to recover $600.00, representing $100.00 for the amount improperly withdrawn and not replaced in his inmate trust account and $500.00 for emotional distress.[1] Plaintiff submitted the $25.00 filing fee.

---

[1] Initially, it should be noted that this court does not recognize entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss. *Galloway v.*

{¶ 3} Plaintiff submitted a copy of the forged withdrawal slip dated October 11, 2010. Under the signature line on the slip appears plaintiff's name in cursive writing. The slip also carries a witness line designated for the signature of an ManCI employee. The signature appearing on the witness line is illegible. The trier of fact finds that the inmate's signature does not resemble the signature submitted with plaintiff's complaint.

{¶ 4} Defendant acknowledged that "[t]here is evidence that supports the cash slip was signed when Plaintiff was no longer at the prison facility."

{¶ 5} Defendant denied any liability in this matter arguing that "[p]laintiff is unable to demonstrate that the duty of care was breached, that there was a loss, and that the loss was proximately caused by Defendant's negligence." Defendant suggested that plaintiff acquiesced to the forgery and that plaintiff lacked credibility.

{¶ 6} Plaintiff filed a response contending that defendant breached its duty to make reasonable attempts to protect inmate property and to recover such property. Furthermore, plaintiff contended that defendant should bear liability based on its failure to provide adequate safeguards to protect inmate accounts from being preyed upon by forgers. Plaintiff essentially argued that defendant failed to follow its own internal rules and that defendant delayed in responding to plaintiff's complaint regarding the forgery.

## CONCLUSIONS OF LAW

{¶ 7} The mere fact a theft occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show that defendant breached a duty of ordinary or reasonable care. *Williams*.

{¶ 8} Defendant is not responsible for actions of other inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 9} In addition, prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418.

*Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056. Consequently, the court shall address

Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent that plaintiff alleges that MaCI staff somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief. See *Sharp v. Dep't of Rehab. & Corr.*, Ct. of Cl. No. 2008-02410-AD, 2008-Ohio-7064, ¶5.

{¶ 10} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 11} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 12} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 13} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property. In the instant claim, evidence supports the conclusion that defendant made no attempt to protect or recover the funds from plaintiff's account.

{¶ 14} Defendant may bear liability for failure to properly monitor an inmate plaintiff's account by either failing to record deposits or in making unauthorized withdrawals. See *Nelms v. Southeastern Corr. Inst.*, Ct. of Cl. No. 2007-01401-AD, 2007-Ohio-7087; *Lonero v. Lebanon Corr. Inst.*, Ct. of Cl. No. 2009-01719-AD, 2009-Ohio-6359. Plaintiff, in the instant action, has submitted sufficient evidence to prove that defendant acted improperly in handling the funds in his inmate account.

{¶ 15} Plaintiff has proven that he suffered damages in the amount of $100.00, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to

---

plaintiff's claim based on the standard measure of damages for property loss.

R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990),
62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



Court of Claims of Ohio

The Ohio Judicial Center

MATTHEW R. SZYMCZYK

Plaintiff

v.

DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant

Case No. 2011-04151-AD

Acting Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $125.00, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Matthew R. Szymczyk, #454-369
P.O. Box 45699
Lucasville, Ohio 45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

7/25
Filed 8/3/11
Sent to S.C. reporter 12/20/11