[Cite as *Sparks v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-7060.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRYAN SPARKS

Plaintiff

v.

OHIO DEPT. OF REHABILITATION AND CORRECTION

Defendant

Case No. 2011-09454-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1}   Plaintiff, Bryan Sparks, an inmate incarcerated at defendant, Marion Correctional Institution (MCI), asserted that numerous art supply items were destroyed after he was improperly removed from the art recreation program at MCI on February 12, 2011. Plaintiff stated that he was asked to mail out the items but he refused since he had no one who would accept the items for him.  Plaintiff recalled that he asked to have the items stored while he took the necessary steps to be reinstated to the program; however this request was denied.  According to plaintiff, he never should have been removed from the program and his supplies were destroyed illegally, without a court order.

{¶2}   Plaintiff filed this complaint seeking to recover $2,063.98, which includes $1,248.98 as the estimated replacement value of the destroyed art supplies, $315.00 for legal research, $500.00 for mental anguish, and "costs."[1]   Payment of the filing fee was

---

[1] Initially, it should be noted that this court does not recognize entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss.  *Galloway v.*

waived.

{¶3} Plaintiff submitted copies of "Cabinet Inventory" records purportedly signed by an agent of defendant detailing the extensive amount of art supplies plaintiff possessed as of March 2, 2011, and receipts dated July 20, 2010, and January 24, 26, and 27, 2011, from art supply and woodcraft vendors listing purchases of various art and woodworking supplies. Plaintiff also prepared another list of the destroyed art supplies with a total stated value of $417.91, two completed art projects valued as follows: Maple fireman's cross ($20.00) and NASCAR tractor/trailer ($500.00), and a partially completed custom cycle ($75.00). In addition plaintiff listed various patterns, drawings, magazines and catalogs totaling $100.00.

{¶4} Plaintiff included a copy of a "Disposition of Grievance" form dated June 16, 2011. The response states, in pertinent part: "Mr. Blankenship removed you from the program without a conduct report. This was in violation and you will be replaced back into the program because you did not receive a conduct report. You will be put back into the program with all rights restored. This finds merit that there was a violation of AR 5120-9-07, Conduct report and hearing officer procedures. You would not have received a ticket for having to send your property out if you were not illegally kicked out of the mushfake program. You are requesting to be reimbursed for the items that were destroyed. * * * You will have to pursue this through the Court of Claims."

{¶5} Defendant filed an investigation report admitting liability for the loss of plaintiff's art supplies but limiting the damage amount to the total plaintiff could verify with receipts, $160.84. Defendant did not dispute the validity of plaintiff's Cabinet Inventory lists. However, in the report from Institutional Inspector Smith he noted that in the past, "Mr. Blankenship would allow offenders going home to leave their materials to other offenders in the program" thus suggesting plaintiff did not purchase all of the art supplies that he had possessed.

{¶6} Plaintiff filed a response on September 19, 2011, essentially reiterating the

_Department of Rehabilitation and Correction_ (1979), 78-0731-AD; _Berke v. Ohio Dept. of Pub. Welfare_ (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056. Consequently, the court shall address plaintiff's claim based on the standard measure of damages for property loss. In addition, plaintiff's time spent performing legal research, as well as postage and copying expenses are not compensable in a claim of this type. To the extent plaintiff seeks to include these costs in the damage claim the request is denied and shall not be further addressed. See _Lamb v. Chillicothe Corr. Inst._ Ct. of Cl. No. 2004-01788-AD, 2004-Ohio-1841, citing _Hamman v. Witherstine_ (1969), 20 Ohio Misc. 77, 49 O.O. 2d 126, 252

allegations of the complaint. Plaintiff acknowledged that the NASCAR tractor/trailer had been located and returned to him, however he noted that due to the delay, the buyer was no longer willing to pay $500.00 and the next best offer was only $175.00.

## CONCLUSIONS OF LAW

{¶7} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant claim the court finds the assertions of plaintiff to be persuasive in regard to plaintiff possessing a significant quantity of art supplies that were confiscated and destroyed. However, insufficient documentation has been submitted to support plaintiff's claim that he paid for all of the supplies that he possessed. Indeed, the court notes plaintiff filed an affidavit of indigency averring that he has "no means of financial support and no assets of any value." In addition, the court does not find plaintiff's assertions credible as to the lost sale value of the NASCAR tractor/trailer.

{¶8} When destroying declared contraband, defendant is required to follow the provisions of the Ohio Administrative Code. Defendant did not offer sufficient documentation to establish plaintiff agreed to or authorized the destruction of the declared contraband articles.

{¶9} It has been previously held an inmate plaintiff may recover the value of confiscated property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction. *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD; *Wooden v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2004-01958-AD, 2004-Ohio-4820; *Hemsley v. N. Cent. Correctional Inst.*, Ct. of Cl. No. 2005-03946-AD, 2005-Ohio-4613; *Mayfield v. Richland Correctional Inst.*, Ct. of Cl. No. 2005-07976-AD, 2006-Ohio-358, *Brunner v. N. Central Corr. Inst.*, Ct. of Cl. No. 2006-08020-AD, 2007-Ohio-6386.

{¶10} Evidence has shown defendant did not obtain proper authority to destroy the confiscated property. *Brunner v. N. Central Corr. Inst.*, Ct. of Cl. No. 2006-08020-AD, 2007-Ohio-6386.

---

N.E.2d 196, see also *Perdue v. Lebanon Corr. Inst.*, Ct. of Cl. No. 2007-02971-AD, 2007-Ohio-7188.

{¶11} Negligence on the part of defendant has been shown in respect to plaintiff's claims for loss. *Baisden v. Southern Ohio Correctional Facility* (1977), 76-0617-AD.

{¶12} As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160. Evidence has established that some unknown portion of the destroyed art supplies had been used by plaintiff during his participation in the recreation program.

{¶13} Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶14} The standard measure of damages for personal property is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶15} In a situation where damage assessment for personal property destruction based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original costs, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶16} Plaintiff suffered damages in the amount of $250.00.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRYAN SPARKS

    Plaintiff

    v.

OHIO DEPT. OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2011-09454-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $250.00. Court costs are assessed against defendant.

                                    DANIEL R. BORCHERT
                                    Deputy Clerk

Entry cc:

Bryan Sparks, #463-981            Gregory C. Trout, Chief Counsel
P.O. Box 57                        Department of Rehabilitation
Marion, Ohio 43301             and Correction
                                 770 West Broad Street
                                 Columbus, Ohio 43222

SJM/laa

10/19
Filed 11/2/11
Sent to S.C. reporter 3/30/12