[Cite as *Robinson v. Trumbull Corr. Inst.*, 2011-Ohio-7064.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL ROBINSON

    Plaintiff

    v.

TRUMBULL CORRECTIONAL INSTITUTION

    Defendant

Case No. 2011-09268-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1}   On September 28, 2010, plaintiff, Paul Robinson, an inmate incarcerated at defendant, Trumbull Correctional Institution (TCI), returned to his cell and realized that most of his property had been stolen. In addition, plaintiff alleged that while he was reporting the theft to a corrections officer (CO), plaintiff's cell mate, inmate Barnes, came from behind and attacked him, breaking his thumb and inflicting other serious physical injuries to his face and head. According to plaintiff, during this incident, unidentified inmates entered his cell and stole the remainder of his personal property. Plaintiff related the stolen property included the following: one flat screen TV, a navy hooded sweatshirt, a pair of navy sweat pants, two pair long johns, a Sony CD player, a Sony adapter, a Sony AM/FM radio with ear buds, Koss headphones, a 9-volt keyboard, a 12-volt antenna, one lamp, one fan, one clippers, and nine compact discs.

{¶2}   Plaintiff implied his property was stolen as a proximate result of negligence on the part of TCI staff in failing to adequately protect the property from theft attempts. Plaintiff filed this complaint seeking to recover $1,500.00, the stated

replacement cost of his alleged stolen property, along with damages for the pain and suffering he endured. Payment of the filing fee was waived.

{¶3} Defendant denied liability in this matter contending plaintiff failed to offer any evidence to prove his property was stolen as a proximate result of any negligent conduct on the part of defendant. Defendant advised TCI staff searched for plaintiff's property but was only able to locate his television set, which was returned to him. Defendant noted plaintiff later complained that the set had been damaged; however, defendant denied that the television was damaged as a result of any act attributable to TCI personnel. Defendant also denied exercising control over any of the remaining alleged stolen property items. Finally, defendant noted that plaintiff is not entitled to damages for emotional distress associated with the loss of property.[1]

{¶4} Plaintiff filed a response contending defendant should bear liability for the initial theft inasmuch as the CO on duty failed to make timely rounds. In addition, plaintiff argued defendant's COs had notice of the impending assault by Barnes because they were present when the verbal altercation began and should have anticipated that a physical attack was imminent. Finally, plaintiff asserted that after he was assaulted and the offender had been taken to segregation, the COs violated internal policies when they failed to secure his cell door and thus facilitated the theft of the remainder of his property. Plaintiff included witnesses statements with the response.

CONCLUSIONS OF LAW

{¶5} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶6} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶7} Plaintiff has the burden of proving, by a preponderance of the evidence,

---

[1] This court does not recognize entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss. *Galloway v. Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d. Thus, to the extent plaintiff seeks such damages, the claim is denied.

that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶8} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶9} Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.,* Ct. of Cl. No. 2002-05751, 2005-Ohio-4455, obj overruled, 2005-Ohio-5068. Defendant assumed control over plaintiff's television for the limited purpose of returning the set to plaintiff after it was located in another inmate's cell.

{¶10} In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different issues, as to any issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶11} Plaintiff has failed to show any causal connection between any damage to his television set and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), 2003-04236-AD, 2003-Ohio-3615.

{¶12} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003 Ohio 2573,¶ 8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶13} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003 Ohio 5333, ¶ 41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521;

{¶14} The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-

07091-AD; *Custom v. Southern Ohio Correctional Facility* (1985), 84-02425. Plaintiff must show defendant breached a duty or ordinary or reasonable care. *Williams.*

{¶15} Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility (*1978), 78-0217-AD. However, in the instant claim, plaintiff has failed to prove defendant was negligent or that officers failed to perform proper security rounds in the housing unit. Therefore, no liability shall attach to defendant as a result of any theft based on this contention.

{¶16} The fact defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶17} Plaintiff may show defendant breached its duty of reasonable care by providing evidence of an unreasonable delay in packing inmate property. *Springer v. Marion Correctional Institution* (1981), 81-05202-AD.

{¶18} In the instant claim, plaintiff has failed to show defendant negligently or intentionally failed to secure plaintiff's property in a timely manner. In addition, plaintiff failed to prove any unreasonable delay in packing his property resulted in the theft of his property. *Stevens v. Warren Correctional Institution* (2000), 2000-05142-AD; *Elam v. Richland Correctional Institution*, Ct. of Cl. No. 2008-11231-AD, 2009-Ohio-4276.

{¶19} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive.

{¶20} Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

{¶21} Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being. *Clemets v. Heston* (1985), 20 Ohio App. 3d

132, 136, 485 N.E. 2d 287. Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St. 2d 310, 209 N.E. 2d 142.

{¶22} Defendant, however, is not the insurer of inmate safety. *Mitchell v. Ohio Dept. of Rehab. and Corr.* (1995), 107 Ohio App. 3d 231. Where one inmate intentionally assaults another inmate, a claim for negligence arises only where defendant's staff had adequate notice of an impending attack. See *Metcalf v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 01AP-292, 2002-Ohio-5082; *Kordelewski v. Ohio Dept. of Rehab. & Corr.*(June 21, 2001), Franklin App. No. 00AP-1109. To the extent that plaintiff seeks compensation for the pain and suffering he endured as a result of the physical injuries he sustained, plaintiff has failed to establish defendant either knew or should have known of an impending attack by inmate Barnes on plaintiff.

{¶23} In addition, prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative Code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent that plaintiff alleges that TCI staff violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief. See *Sharp v. Dep't of Rehab. & Corr.*, Ct. of Cl. No. 2008-02410-AD, 2008-Ohio-7064, ¶5. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL ROBINSON

    Plaintiff

    v.

TRUMBULL CORRECTIONAL INST.

    Defendant

    Case No. 2011-09268-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Paul Robinson, #514-468          Gregory C. Trout, Chief Counsel
5701 Burnett Road               Department of Rehabilitation
P.O. Box 901                   and Correction
Leavittsburg, Ohio  44430       770 West Broad Street
                             Columbus, Ohio  43222

SJM/laa
11/7
Filed 11/9/11

Sent to S.C. reporter 4/5/12